Civil Action No. 1:26-cv-01398

| | |
|---|---|
| DISTRICT COURT, EL PASO COUNTY, COLORADO<br>Court Address: 270 S. Tejon<br>Colorado Springs, CO 80903 | DATE FILED<br>March 2, 2026 3:32 PM<br>FILING ID: 31AFB5A087562<br>CASE NUMBER: 2026CV30536 |
| Plaintiff: Patricia Wells<br><br>v.<br><br>Defendant: Home Depot U.S.A., Inc. d/b/a The Home Depot Colorado Springs #1504 and The Quikrete Companies, LLC | ▲COURT USE ONLY▲ |
| Attorney for Plaintiff:<br>DezaRae LaCrue, Atty. Reg. No. 40290<br>Franklin D. Azar & Associates, P.C.<br>14426 East Evans Avenue<br>Aurora, Colorado 80014<br>Phone Number: (303) 757-3300<br>Fax Number: (303) 759-5203<br>E-Mail: lacrued@fdazar.com | Case No.:<br><br>Division: |
| **COMPLAINT** | |

Plaintiff, Patricia Wells, by and through her attorneys, Franklin D. Azar and Associates, P.C., for her Complaint against Defendant Home Depot U.S.A., Inc. d/b/a The Home Depot #1504, states and alleges as follows:

## I. PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Patricia Wells (hereinafter, "Plaintiff") is an individual residing the Town of Monument, County of El Paso, State of Colorado.

2. Upon information and belief, Defendant Home Depot U.S.A., Inc. is a Foreign Corporation authorized to do business in Colorado.

3. Upon information and belief, Defendant Home Depot U.S.A., Inc. d/b/a The Home Depot Colorado Springs #1504 (hereinafter, "Defendant Home Depot") is a corporation with its principal place of business located at 102 N. Academy Boulevard, Colorado Springs, CO 80909.

4. Upon information and belief, Defendant The QUIKRETE Companies, LLC (hereinafter "Defendant Quikrete") is a foreign limited liability company with a

principal place of business located at 5 Concourse Parkway, Suite 1900, Atlanta, GA 30328 and a registered agent of Corporate Creations Network, Inc. located at 201 E. 4th Street, Loveland, CO 80537.

5. At all times relevant Defendant Home Depot operated, managed, maintained and controlled the premises in Colorado and the events giving rise to this lawsuit.

6. Jurisdiction is proper in this action, pursuant to C.R.S. § 13-1-124, as the incident underlying this cause of action occurred within El Paso County, State of Colorado.

7. Venue is proper in this action, pursuant to C.R.C.P. § 98(c)(5), as the incident underlying this cause of action occurred within El Paso County, State of Colorado.

## I. GENERAL ALLEGATIONS

8. On June 21, 2025, Plaintiff was lawfully on the premises located at 102 N. Academy Boulevard, Colorado Springs, CO 80909 for the purpose of shopping for goods sold by Defendant Home Depot.

9. Defendant Home Depot displays its goods for sale to its customers.

10. On the date aforesaid, Defendant Home Depot displayed bricks on a shelf to its customers.

11. Plaintiff took a brick off the shelf to place in her shopping cart.

12. After taking the brick, approximately two rows of bricks located on the shelf fell onto Plaintiff.

13. The falling bricks caused Plaintiff to fall backward and hit her head.

14. Plaintiff had no warning that the rows of bricks would fall on her.

15. The bricks' sudden fall was caused by unsafe, improperly stocked and stored, or defective conditions on the premises.

16. Defendant Home Depot knew or should have known the hazardous condition through prior stocking and storage of the bricks, required inspections, or employee reports.

17. Defendant Quikrete was involved in stacking the bricks at Defendant Home Depot.

18. Defendant Quikrete failed to stack and display the bricks safely.

19. Defendant Home Depot failed to remedy the dangerous condition and failed to warn Plaintiff of the hazard.

20. Defendant Home Depot's failure to take reasonable care to protect against the danger of the falling bricks was the cause of Plaintiff's injuries.

**FIRST CLAIM FOR RELIEF**
***(Premises Liability under C.R.S. § 13-21-115 – Home Depot)***

21. Plaintiff incorporates all prior allegations as though fully set forth herein.

22. Defendant Home Depot expressly and impliedly invited Plaintiff onto the property.

23. Plaintiff was an invitee on Defendant Home Depot's property at the time of the incident.

24. Defendant Home Depot knew or should have known about the danger on the property.

25. Defendant Home Depot had a duty to keep the property free from dangerous conditions and/or protect Plaintiff against the danger on the property and/or warn Plaintiff of the dangerous condition.

26. Defendant Home Depot did not take any precautions to prevent injuries to Plaintiff, and knew or should have known, that conditions were treacherous, and the bricks would collapse.

27. There were no warning signs placed around the bricks, or other precautions taken by Defendant Home Depot to alert Plaintiff of the dangerous condition.

28. Under C.R.S. § 13-21-115, Defendant Home Depot owed plaintiff a duty to exercise reasonable care to protect against dangers of which it knew or should have known.

29. Defendant Home Depot breached its duties by failing to maintain its display of the bricks that fell on Plaintiff in a reasonable and safe condition; failing to reasonably and safely stock the bricks for display; failing to inspect the display of the bricks prior to the incident; failing to properly train or supervise employees responsible stocking and maintaining the display of the bricks that fell on Plaintiff; and failing to warn Plaintiff of the danger.

30. Defendant Home Depot's failures caused Plaintiff's injuries.

31. Plaintiff suffered substantial injuries from the incident.

32. As a direct and proximate result of being struck by the falling dock door, Plaintiff incurred substantial, serious and debilitating physical injuries, past, present and future physical pain and suffering, severe mental anguish, permanent injury, permanent disability, permanent impairment, and loss of quality of life, and enjoyment.

33. Accordingly, Plaintiff seeks general and special damages from Defendant Home Depot as a consequence of the injuries and damages she suffered as a result of Defendant Home Depot failure to use reasonable care.

34. As a further and direct proximate result of Defendant Home Depot's failure to use reasonable care, Plaintiff incurred medical bills, physician bills, rehabilitation and therapy bills, medication expenses, and other special damages and expenses. Plaintiff's damages are still accruing, and he will continue to incur other special damages and expenses far into the future, if not for the balance of her natural life.

35. Accordingly, Plaintiff seeks economic and non-economic damages from Defendant Home Depot for both past and future, in an amount to be itemized at trial.

## SECOND CLAIM FOR RELIEF

***(Negligence – Home Depot)***

36. Plaintiff incorporates all prior allegations as though fully set forth herein.

37. Defendant Home Depot owed Plaintiff a duty to display its goods for sale in a safe condition.

38. Defendant Home Depot owed Plaintiff a duty to act reasonably in the operation, maintenance, and inspection of its premises.

39. Defendant Home Depot breached that duty by allowing a dangerous condition to exist and by failing to take reasonable steps to prevent foreseeable injury.

40. Defendant Home Depot did not take any.precautions to prevent injuries to Plaintiff at the time of the incident or at a reasonable time leading up to the incident.

41. There were no efforts or other precautions taken by Defendant Home Depot to alert Plaintiff to the existence of the dangerous condition caused by the storage of the bricks.

42. Defendant Home Depot failed to correct, remove or warn Plaintiff of the danger of the bricks that fell on her.

43. Defendant Home Depot's negligence in failing to exercise reasonable care to protect Plaintiff against the dangerous condition involving falling bricks was a proximate cause of this incident and Plaintiff's resulting injuries.

44. As a direct and proximate result of being struck by falling bricks and then falling backward onto the floor, Plaintiff incurred substantial, serious and debilitating physical injuries, past, present and future physical pain and suffering, severe mental anguish, permanent injury, permanent disability, permanent impairment, and loss of quality of life, and enjoyment.

45. Accordingly, Plaintiff seeks general and special damages from Defendant Home Depot as a consequence of the injuries and damages she suffered as a result of Defendant Home Depot's failure to use reasonable care.

46. As a further and direct proximate result of Defendant Home Depot's failure to use reasonable care, Plaintiff incurred medical bills, physician bills, rehabilitation and therapy bills, medication expenses, and other special damages and expenses. Plaintiff's damages are still accruing, and she will continue to incur other special damages and expenses far into the future, if not for the balance of his natural life.

47. Accordingly, Plaintiff seeks economic and non-economic damages from Defendant Home Depot for both past and future, in an amount to be itemized at trial.

**<u>THIRD CLAIM FOR RELIEF</u>**
***(Negligence – Quikrete)***

48. Plaintiff incorporates all prior allegations as though fully set forth herein.

49. Defendant Quikrete owed Plaintiff a duty to display its goods for sale in a safe condition.

50. Defendant Quikrete owed Plaintiff a duty to act reasonably in the operation, maintenance, and inspection of its products and displays.

51. Defendant Quikrete breached that duty by allowing a dangerous condition to exist and by failing to take reasonable steps to prevent foreseeable injury.

52. Defendant Quikrete did not take any precautions to prevent injuries to Plaintiff at the time of the incident or at a reasonable time leading up to the incident.

53. There were no efforts or other precautions taken by Defendant Quikrete to alert Plaintiff to the existence of the dangerous condition caused by the storage of the bricks.

54. Defendant Quikrete failed to correct, remove or warn Plaintiff of the danger of the bricks that fell on her.

55. Defendant Quikrete's negligence in failing to exercise reasonable care to protect Plaintiff against the dangerous condition involving falling bricks was a proximate cause of this incident and Plaintiff's resulting injuries.

56. As a direct and proximate result of being struck by falling bricks and then falling backward onto the floor, Plaintiff incurred substantial, serious and debilitating physical injuries, past, present and future physical pain and suffering, severe mental anguish, permanent injury, permanent disability, permanent impairment, and loss of quality of life, and enjoyment.

57. Accordingly, Plaintiff seeks general and special damages from Defendant Quikrete as a consequence of the injuries and damages she suffered as a result of Defendant Quikrete's failure to use reasonable care.

58. As a further and direct proximate result of Defendant Quikrete's failure to use reasonable care, Plaintiff incurred medical bills, physician bills, rehabilitation and therapy bills, medication expenses, and other special damages and expenses. Plaintiff's damages are still accruing, and she will continue to incur other special damages and expenses far into the future, if not for the balance of his natural life.

59. Accordingly, Plaintiff seeks economic and non-economic damages from Defendant Home Depot for both past and future, in an amount to be itemized at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant and grant the following relief:

A. Compensation for economic losses, both past and future.

B. Compensation for noneconomic losses for pain and suffering, inconvenience, emotional distress, loss of enjoyment of life, and anxiety, both past and future.

C. Compensation for physical impairment and physical disfigurement.

D. Compensation for other costs and expenses sustained or incurred, including expert witness fees.

E. Attorneys' fees as provided by law.

F. Pre-judgment and post-judgment interest as provided by law.

G. Such further relief as the Court deems just and proper.

Date: March 2, 2026

**<u>Plaintiff's Address</u>:**
17620 Lake Overlook Court
Monument, CO 80132

FRANKLIN D. AZAR & ASSOCIATES, P.C.

*/s/ DezaRae LaCrue*
DezaRae LaCrue, Atty. Reg. No. 40290
*Attorneys for Plaintiff*